Joseph D. Williams, State Bar No. 032795
Peter Collins, Jr., State Bar No. 012666
GUST ROSENFELD, P.L.C.
One S. Church Ave., Suite 1900
Tucson, AZ 85701
Tel: 520-628-7070
jwilliams@gustlaw.com
pcollins@gustlaw.com

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justine Louise Wadsack, | No. 4:25-cv-00145-JGZ |
| Plaintiff, | |
| v. | **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE HEARING** |
| City of Tucson, a municipal corporation; Ryder Schrage, both in his personal and official capacity as a City of Tucson police officer; Lauren Pettey, both in her personal and official capacity as a City of Tucson police officer; Kevin Hall, both in his personal and official capacity as a City of Tucson police officer; Frank Hand, both in his personal and official capacity as a City of Tucson police officer; Jane Doe Schrage; John Doe Pettey; Jane Doe Hall; Jane Doe Hand; John Does 1-10 and Jane Does 1-10; and ABC Corporations 1-10, | *Assigned to Hon. Jennifer G. Zipps* |
| Defendants. | |

Come now the Defendants, by and through undersigned counsel, and hereby respond in opposition to Plaintiff's request to continue the hearing scheduled for August 19, 2025, at 3:00 p.m. before this Court. Defendants move the Court to deny Plaintiff's request.

The decision to grant or deny a request for continuance rests within the sound discretion of the Court, and such decisions are generally not subject to appellate review. *See McFaul v. Ramsey*, 61 U.S. 523, 527 (1857). Plaintiff has already been granted one continuance in this matter, which Defendants did not oppose. Granting further continuances without compelling justification disrupts the Court's calendar, delays the orderly progression of this case, and imposes undue burden on Defendants.

Now that the hearing involves not only legal counsel but also Plaintiff personally, granting a continuance based on Plaintiff's personal inconvenience would establish an untenable precedent. It risks opening the door to similar requests in the future, potentially leading to repeated delays and scheduling inconsistencies that would impede the fair and efficient administration of justice for all litigants. The Court should exercise its discretion to deny Plaintiff's request and facilitate a timely resolution to move this case forward.

Furthermore, Plaintiff's stated reason for seeking this continuance—attendance at a voluntary event—constitutes a routine personal commitment, as evidenced by her July 29, 2025 email to Chambers. This reason is not a health emergency, unforeseen exigency, or other circumstance typically recognized as legitimate grounds for disrupting a scheduled judicial proceeding. All parties and their counsel routinely manage their professional and personal calendars to accommodate court dates, and Plaintiff's attendance at a voluntary personal commitment does not warrant an exception.

Finally, the hearing is to resolve Plaintiff's motion. Plaintiff initiated this lawsuit. The consequences of initiating a lawsuit include mandatory attendance at court hearings.

Wherefore, Defendants oppose Plaintiff's motion to continue the August 19, 2025 hearing scheduled for 3:00 p.m.

DATED:  July 31, 2025.

GUST ROSENFELD P.L.C.

By: */s/ Joseph D. Williams*
　　Joseph D. Williams
　　Peter Collins, Jr.
　　*Attorneys for Defendants*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was transmitted this July 31, 2025 to the Clerk's Office using the CM/ECF System for filing and a transmittal of same to the CM/ECF Registrant:

> Dennis I. Wilenchik
> David N. Ferrucci
> Wilenchik & Bartness, P.C.
> 2810 N. Third St.
> Phoenix, AZ  85004
> diw@wb-law.com
> davidf@wb-law.com
> admin@wb-law.com

By: */s/ Jackie Clark*