Joseph D. Williams, State Bar No. 032795
Peter Collins, Jr., State Bar No. 012666
GUST ROSENFELD, P.L.C.
One S. Church Ave., Suite 1900
Tucson, AZ  85701
Tel: 520-628-7070
jwilliams@gustlaw.com
pcollins@gustlaw.com
Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justine Louise Wadsack,<br><br>       Plaintiff,<br>v.<br><br>City of Tucson, a municipal corporation; Ryder Schrage, both in his personal and official capacity as a City of Tucson police officer; Lauren Pettey, both in her personal and official capacity as a City of Tucson police officer; Kevin Hall, both in his personal and official capacity as a City of Tucson police officer; Frank Hand, both in his personal and official capacity as a City of Tucson police officer; Jane Doe Schrage; John Doe Pettey; Jane Doe Hall; Jane Doe Hand; John Does 1-10 and Jane Does 1-10; and ABC Corporations 1-10,<br><br>       Defendants. | No. 4:25-cv-00145-JGZ<br><br>**DEFENDANTS' MOTION FOR SANCTIONS AND/OR DISMISSAL**<br><br>*Assigned to Hon. Jennifer G. Zipps* |

  Come now Defendants, City of Tucon (the "City"), Ryder Schrage, Lauren Pettey, Kevin Halll, and Frank Hand (the "Police Defendants"), by and through undersigned counsel, and respectfully move this Court for an order imposing sanctions against Plaintiff Justine Louise Wadsack ("Plaintiff"), up to and including dismissal of her Complaint with prejudice, pursuant to Federal Rules of Civil Procedure 41(b) and 16(f). Plaintiff's willful

failure to comply with this Court's direct orders has severely prejudiced Defendants and disrupted the efficient administration of justice.

At the August 26, 2025 hearing, undersigned counsel orally moved for sanctions and dismissal due to Plaintiff's failure to appear. This separate Motion is based on Plaintiff's deliberate choice not to attend and instead to go to a personal event and tweet about it during the August 26 hearing.

IN SUPPORT THEREOF, Defendants state as follows:

## I.   CERTIFICATE OF CONFERRAL

Pursuant to LCivR 12.1(c), Defendants certify that, before filing the motion, Defendants' counsel notified Plaintiff's counsel through phone of the issues asserted in this Motion. Plaintiff opposes the relief requested herein.

## II.   STATEMENT OF FACTS

This Court scheduled a hearing on Plaintiff's attorney's motion to withdraw, citing ethical concerns. This hearing required the in-person appearance of both Plaintiff and her attorney. Plaintiff skipped the hearing and went to a personal event, and tweeted about it during the hearing.

The initial hearing was scheduled for July 29, 2025, at 2:30 p.m. (Doc. 13). Plaintiff requested a continuance, informing her attorney that her daughter had an emergency. (Doc. 18). The Court continued the hearing to August 19, 2025. (Doc. 19). Plaintiff again sought to reschedule the August 19, 2025, hearing, informing the Court that she would be out of town for an event. (Doc. 20). The Court granted Plaintiff's second request for a continuance, rescheduling the hearing for August 26, 2025, at 3:00 p.m. (Doc. 22). The Court's order explicitly stated that "Plaintiff must be present in person for the hearing." *Id.*

Plaintiff did not appear at the hearing on August 26, 2025 at 3 p.m. Plaintiff's attorney acknowledged that Plaintiff was aware of the hearing. While the hearing was happening, Plaintiff was tweeting about attending a personal event in Phoenix. At 3:29

p.m. on August 26, 2025, Plaintiff posted a tweet on Twitter stating that she was at a personal event in Phoenix. *See* **Exhibit A**. Exhibit A provides a clear description of Plaintiff's activities on the day of the hearing and documents her attendance at a separate event, which she acknowledges.

Exhibit A, Page 1: This is a tweet from the plaintiff, time-stamped at 3:29 p.m. on August 26, 2025. In the tweet, she says, "I was fortunate enough to be sitting front & center when @charliekirk11 came to talk to #ChaseTheVote Managers @TPAction_ today!" The tweet includes a photo showing the back of her head (dark hair, white shirt), where she is sitting behind a man in a white baseball cap.

Exhibit A, Page 2: This page shows a direct message conversation between the plaintiff and a person named "Charlie," where they discuss the plaintiff missing the court hearing on August 26, 2025, to attend the speaking event.

Exhibit A, Page 3: This is a zoomed-in version of the photo from the plaintiff's tweet on page 1, providing a closer look at the event.

Exhibit A, Page 4: This page contains a tweet from another person, "Antonnette Andruzzi," who also declares her attendance at the same event. The tweet includes a photo of the plaintiff at the event, taken from a different angle, which again shows her sitting behind the man in the white baseball cap. Her name placard, which says "Justine," is visible in this image.

Exhibit A, Page 5: This is a zoomed-in version of the photo from Antonnette Andruzzi's tweet, where the plaintiff's name placard is clearly legible.

This public statement directly contradicts Plaintiff's explicit obligation and this Court's direct order to appear at the hearing. Plaintiff's actions demonstrate a willful disregard for the Court's order and entitle the Defendants to sanctions.

### III.   LEGAL STANDARD FOR SANCTIONS AND DISMISSAL

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss an action or any claim against it if the plaintiff "fails to prosecute or to comply

1  with these rules or a court order." Dismissal may also be ordered by the Court *sua sponte*.
2  *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962). The Ninth Circuit considers five
3  factors before dismissing a case under Rule 41(b): (1) the public's interest in expeditious
4  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice
5  to the defendants; (4) the public policy favoring disposition of cases on their merits; and
6  (5) the availability of less drastic alternatives. *Yourish v. Cal. Amplifier*, 191 F.3d 983,
7  990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.
8  1998)).

9      Dismissal for willful and inexcusable failure to prosecute is a proper exercise of
10  discretion under Federal Rules of Civil Procedure 41(b) and 16(f), and the inherent power
11  of the court. *Al-Torki v. Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996). Such dismissal,
12  while preventing disposition on the merits, may be warranted when the culpability of a
13  willful failure to appear, the prejudice to the opposing side, and the interference with the
14  court's docket outweigh the policy favoring disposition on the merits. *Id.* (citing *Cassidy*
15  *v. Nev. Dep't of Human Res.*, 856 F.2d 1421, 1415 (9th Cir. 1988)).

16      While Defendants are not permitted to move for enforcement of Local Rule 83.1,
17  LRCiv83.1(f)(1) authorizes this Court to impose appropriate sanctions upon a party who,
18  "without just cause: (A) violates, or fails to conform to, the Federal Rules... or any order
19  of the Court; or (B) fails to appear at, or be prepared for, a hearing... where proper notice
20  has been given." Permissible sanctions include fines, costs (including attorneys' fees),
21  orders establishing facts, prohibiting claims/defenses, striking pleadings, or other just
22  orders. LRCiv 83.1(f)(2). Attorneys' fees may be assessed for a Local Rule violation
23  when the Court finds the party acted in bad faith or willfully disobeyed Court orders or
24  rules. LRCiv 83.1(f)(2).

25      **IV.**    **ARGUMENT**

26      Plaintiff's egregious and willful failure to comply with this Court's direct order to
27  appear for the August 26, 2025 hearing and instead attend a personal event without

6661216.1                                      4

notifying the Court, the Defendants, or her attorneys, after two prior continuances were granted for her personal convenience, mandates the imposition of severe sanctions, including dismissal of her Complaint.

### A. Plaintiff's Willful Disregard for the Court's Order

Plaintiff's conduct demonstrates a blatant and willful disregard for the authority of this Court. She was explicitly ordered to appear in person for the hearing on August 26, 2025. Her subsequent tweet, posted during the hearing, confirms her conscious decision to prioritize a voluntary event in Phoenix over a mandatory court appearance in Tucson. This was not an oversight, a misunderstanding, or a minor procedural misstep; it was a deliberate choice to disregard an explicit and unambiguous directive from the Court.

This willful non-appearance is particularly egregious given the procedural history. The Court had already accommodated Plaintiff twice by continuing the hearing due to her personal reasons. The Court's order rescheduling the hearing for August 26, 2025, explicitly reiterated the requirement for her in-person presence. Plaintiff's subsequent, unexcused absence, coupled with her public statement of being at a non-essential event, demonstrates a profound disrespect for the Court's authority and the judicial process. Assuming Plaintiff will allege a mistake or otherwise attempt to justify her failure to appear, such arguments will be unavailing. Plaintiff has participated in direct communication with the Court via email and e-filing, acknowledged the Court's orders, and her attorney notified her of the hearing date. Therefore, she was aware of the date, time, and location of the hearing.

This significant act of willful noncompliance satisfies the heightened standard for imposing sanctions. *See Al-Torki*, 78 F.3d at 1385 (emphasizing willful election not to comply with court order to be personally present).

### B. Prejudice to Defendants and Disruption to the Court's Docket

Plaintiff's willful non-appearance has directly prejudiced Defendants. Defendants' counsel prepared for and attended the August 26, 2025 hearing, incurring unnecessary

legal fees and expending valuable time. The purpose of the hearing, Plaintiff's attorney's motion to withdraw due to ethical concerns, is a serious matter that directly impacts the progression of this litigation. Plaintiff's absence prevented the Court from addressing this critical issue in a timely manner, leaving Defendants in a state of uncertainty regarding opposing counsel and the future of the case. *See Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999) (reasoning that the plaintiff had a "very poor reason" for their failure to follow the court's order).

Furthermore, Plaintiff's actions have significantly disrupted the Court's docket and wasted judicial resources. Rescheduling a hearing, particularly one that has already been continued twice, consumes valuable court time and delays other litigants. The public has a strong interest in the expeditious resolution of litigation, an interest directly undermined by Plaintiff's repeated delays. *Yourish*, 191 F.3d at 990.

### C. Lack of Less Drastic Alternatives

Given Plaintiff's willful noncompliance and her blatant disregard for a direct court order, less drastic alternatives are unlikely to be effective. Plaintiff's choice to attend a personal event over a mandatory court appearance, particularly after two prior continuances, demonstrates a profound lack of respect for the judicial process and a lack of genuine interest in prosecuting her case. Monetary sanctions, while available, may not sufficiently deter such deliberate defiance or compel Plaintiff to engage meaningfully with the Court's directives.

The Court's need to manage its docket and the public's interest in efficient litigation, coupled with the clear prejudice to Defendants, outweigh the public policy favoring disposition on the merits when a plaintiff actively chooses not to participate in the process. *See Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988); *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 892 (9th Cir. 2019) (affirming dismissal where plaintiff failed to pursue case). Plaintiff has effectively chosen not to pursue her case by failing to comply with the Court's explicit order.

# V. **PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that this Court impose the following sanctions against Plaintiff Justine Louise Wadsack:

**A.** Dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for her willful failure to prosecute and comply with court orders.

**B.** Additionally, or alternatively, impose monetary sanctions against Plaintiff, including Defendants' reasonable attorneys' fees and costs incurred in preparing for and attending the August 26, 2025, hearing, as well as in preparing and filing this Motion for Sanctions, pursuant to Federal Rule of Civil Procedure 41(b) and 16(f).

**C.** Impose any other sanctions the Court deems just and proper under the circumstances to deter future noncompliance and ensure the integrity of the judicial process.

DATED: September 2, 2025.

**GUST ROSENFELD P.L.C.**

By: */s/ Joseph D. Williams*
    Joseph D. Williams
    Peter Collins, Jr.
    *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was transmitted this September 2, 2025 to the Clerk's Office using the CM/ECF System for filing and a transmittal of same to the CM/ECF Registrant:

>Dennis I. Wilenchik
>David N. Ferrucci
>Wilenchik & Bartness, P.C.
>2810 N. Third St.
>Phoenix, AZ 85004
>diw@wb-law.com
>davidf@wb-law.com
>admin@wb-law.com

COPY of the foregoing served via
US First Class Mail on September 2, 2025 to:

Evo A. DeConcini U.S. Courthouse
Honorable Jennifer G. Zipps, Chief Judge
Arizona Federal Court 9th District
405 West Congress Street, Suite 1500
Tucson, Arizona 85701

By: */s/ CharlotteAnn Ortega*

6661216.1                                         8