Joseph D. Williams, State Bar No. 032795
Peter Collins, Jr., State Bar No. 012666
GUST ROSENFELD, P.L.C.
One S. Church Ave., Suite 1900
Tucson, AZ  85701
Tel: 520-628-7070
jwilliams@gustlaw.com
pcollins@gustlaw.com

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justine Louise Wadsack,<br><br>                                      Plaintiff,<br><br>            v.<br><br>City of Tucson, a municipal corporation; Ryder Schrage, both in his personal and official capacity as a City of Tucson police officer; Lauren Pettey, both in her personal and official capacity as a City of Tucson police officer; Kevin Hall, both in his personal and official capacity as a City of Tucson police officer; Frank Hand, both in his personal and official capacity as a City of Tucson police officer; Jane Doe Schrage; John Doe Pettey; Jane Doe Hall; Jane Doe Hand; John Does 1-10 and Jane Does 1-10; and ABC Corporations 1-10,<br><br>                                      Defendants. | No. 4:25-cv-00145-JGZ<br><br>**DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO THE COURT'S INHERENT POWER**<br><br><br>*Assigned to Hon. Jennifer G. Zipps* |

        Defendants City of Tucson, Ryder Schrage, Lauren Pettey, Kevin Hall and Frank Hand move the Court, pursuant to the Court's inherent power to impose fees and other discipline, for an order requiring Plaintiff Justine Wadsack to pay a portion of

Defendants' attorneys' fees and expenses incurred in defending against her baseless claims and preparing for hearings Wadsack planned not to attend.

Wadsack did not just blow off a court date; she tweeted about it. From the outset, Wadsack has prosecuted this action in bad faith. Most recently, in a blatant attempt to evade sanctions, Wadsack filed a Notice of Voluntary Dismissal *without prejudice*, but not before forcing Defendants to incur unnecessary legal fees defending against baseless claims that should not have been brought in the first place. Wadsack wants to avoid responsibility for her actions in this lawsuit just as she tried to dodge a well-deserved speeding ticket. But it should not be that easy. Real people and taxpayers paid real money to defend against this farce. The Court has the authority and the opportunity to impose consequences.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Factual and Procedural Background

Wadsack filed her original complaint against the five Defendants on March 27, 2025. (Doc. 1). Defendants filed a motion to dismiss the Complaint, identifying numerous deficiencies in Wadsack's case. (Doc. 7). On July 1, 2025, following completion of the briefing at substantial cost to Defendants, the Court set the oral argument on Defendants' Motion to Dismiss on July 29, 2025. (Doc. 13). Weeks after the oral argument was scheduled, seven days before the hearing date, and after Defendants' counsel had prepared extensively at substantial cost, Wadsack moved to continue the oral argument. (Doc. 15).

On July 23, 2025, Wadsack's counsel applied to withdraw from representation without Wadsack's consent, providing no reasons aside from "professional considerations." (Doc. 16). Wadsack's counsel certified that Wadsack had been notified in writing of the status of the case, including the dates and times of court hearings, pending compliance with any existing court dates, and the possibility of sanctions. *Id.* The Court . . .

set an in-person hearing on Wadsack's Motion to Continue Oral Argument and Wadsack's counsel's Application to Withdraw for July 29, 2025, specifically directing Wadsack's counsel to provide Wadsack a copy of the Order and directing Wadsack to attend in person. (Doc. 17).

On July 28, 2025, the day before the hearing, Wadsack sought to continue the in-person hearing. (Doc. 18). The Court continued the hearing to August 19, 2025. (Doc. 19). The Court's Order stated, "Plaintiff must be present in person for the hearing." *Id.* Wadsack again sought to reschedule the hearing, informing the Court that she would be out of town for a personal event. (Doc. 20). The Court rescheduled the hearing for August 26, 2025, at 3:00 p.m. (Doc. 22). The Court explicitly stated that "Plaintiff must be present in person for the hearing." *Id.*

Wadsack did not appear at the hearing. While the judge and the attorneys were in the courtroom waiting for Wadsack to show up for her "8 million dollar" lawsuit, Wadsack was somewhere tweeting. (Doc. 1, p. 15, ¶ 66).

At 3:29 p.m. on August 26, 2025, Wadsack posted on Twitter, stating that she was attending a personal event in Phoenix. (Doc. 26). She also had discussed her failure to attend with another Twitter user—blaming him for mentioning her failure to attend, again trying to avoid accountability for her actions.

On August 27, 2025, the Court issued an Order to Show Cause requiring Wadsack to show why she should not be held in contempt or sanctioned for failing to comply with the Court's Orders. (Doc. 25). On September 2, 2025, Defendants moved for monetary sanctions and dismissal due to Wadsack's egregious behavior in deliberately refusing to attend the August 26th hearing as ordered. (Doc. 26).

On September 9, 2025, Wadsack responded to the Order to Show Cause. (Doc. 27). Wadsack admitted she was aware of the August 26th hearing and the requirement for her to appear in person.   She said she missed the hearing because she was drained.   She . . .

forgot. (Doc. 27, Exhibit A). Keep in mind that when the hearing was scheduled for August 19th, Wadsack immediately requested a continuance without the help of her attorney so she could attend a political event in Atlanta. *See* July 29, 2025, Email Correspondence between Wadsack and chambers. She knows her schedule.

Wadsack then filed a Notice of Dismissal *without prejudice*, an obvious attempt to evade the inevitable sanctions for her egregious conduct. (Doc. 28). In light of Wadsack's Notice of Dismissal, the Court dismissed this matter without prejudice, ordered the Clerk of Court to close this matter, discharged the Order to Show Cause, and ruled that all pending motions were moot. (Doc. 29).

## II.    Jurisdiction

Wadsack's Notice of Dismissal Without Prejudice Pursuant to Rule 41, Fed. R. Civ. P. (Doc. 28) does not deprive the Court of jurisdiction to impose sanctions and award attorneys' fees. *See Building Innovation Indus., L.L.C. v. Onken*, 473 F. Supp. 2d 978, 982–84 (D. Ariz. 2007); *see also Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 394–398 (1990).

## III.    Argument

Wadsack's failure to follow Court orders and her lack of candor with the Court cannot be cured by a voluntary dismissal, and an award of attorneys' fees directly against Wadsack is appropriate. The Court has the inherent power to punish those who litigate in bad faith before it by ordering the violating party or its counsel to pay the opposing party's attorneys' fees. *See, e.g. Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1990). The decision to impose sanctions is a matter within the Court's discretion. *See Chambers*, 501 U.S. at 44–46, 55–57. The Court may invoke its inherent authority to impose sanctions on an attorney, his or her client, or both. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006); *Byrne v. Nezhat, M.D.*, 261 F.3d 1075, 1106 (11th Cir. 2001). An award . . .

of attorneys' fees pursuant to the court's inherent power is appropriate where the party's conduct evidences bad faith and a lack of candor with the court. *See Fink v. Gomez*, 239 F.3d 989, 991–92 (9th Cir. 2001) (describing the standard for imposing sanctions pursuant to the court's inherent power); *Barash v. Kates*, 585 F. Supp. 2d 1237, 1364–68 (S.D. Fla. 2006); *Moss v. Mackey*, 2009 WL 322046, at *7–10 (W.D.N.C. Feb. 10, 2009); *see also Byrne*, 261 F.3d at 117–18; *Moser v. Bret Harte Union High School District*, 366 F. Supp. 2d 944, 953, 978, 979 (E.D. Cal. 2005).

An award of attorneys' fees against Wadsack is appropriate here due to her intentional failure to attend the August 26th hearing, her lack of candor in saying she forgot about the hearing, thereby implicitly lying about attending a pre-planned personal event, which in turn disobeyed the Order to Show Cause that required her to respond with candor.

Wadsack's behavior in this case exemplifies bad faith. Wadsack knew the date, time, and location of the hearing and understood the Court ordered her to attend. She skipped the August 26th hearing. However, she was not too drained or forgetful to attend a scheduled personal event, a fact she does not dispute in her Response to the Order to Show Cause. Wadsack was capable of planning to attend the event and arriving in time to be "front and center." Instead of notifying the Court or opposing counsel about her alternative plans, she willfully and wantonly allowed the Defendants to incur costs and fees in preparing for and attending the hearing. Knowing she could face sanctions due to her inexcusable conduct, Wadsack withdrew her lawsuit to avoid repercussions for her actions.

Rule 41(a)(1) is not a tool to escape the consequences of bad faith litigation. Wadsack's actions are inexcusable and constitute bad faith. Although Rule 41(a)(1)(A)(i) allows Wadsack to dismiss an action without prejudice, Wadsack's dismissal—after multiple Defendants were required to brief the motion to dismiss, prepare oral argument, be beholden to her personal schedule, then ultimately have to incur expenses just so she

could withdraw this lawsuit to avoid any actual consequences for her actions—violates the purpose of the rule. Rule 41(a)(1) was designed to "allow[ ] a plaintiff to dismiss an action without the permission of the adverse party or the court only during the brief period before the defendant [has] made a significant commitment of time and money." *Cooter and Gell v. Hartmarx*, 496 U.S. 384, 397 (1990). The Court should impose sanctions.

### IV.    Attorneys' Fees Sought

An award of attorneys' fees to Defendants, to be paid by Wadsack, is appropriate to compensate Defendants for at least a portion of the cost of defending against Wadsack's baseless claims, preparing for a hearing she had no intention of attending, and attempting to hold her accountable for actions in this case.

As set forth in the attached Declaration of Joseph D. Williams (Williams Declaration), attorneys for Defendants spent in excess of 11.6 hours, at a cost of $3,673.24, reviewing cases and otherwise preparing for the hearing on the Motion to Dismiss. Williams Decl. at ¶3; Ex. 1 (Redacted Excerpts from Gust Rosenfeld Billing Statement Dated July 2025). In August 2025, counsel for Defendants also spent in excess of 2.3 hours preparing for and attending the August 26, 2025 hearing, at a cost of $805.00. Williams Decl. at ¶ 4; Ex. 2 (Redacted Excerpts from Gust Rosenfeld Billing Statements Dated August 2025). In August and September 2025, counsel for Defendants also spent in excess of 9.6 hours preparing for and drafting the Motion for Sanctions and Dismissal directly related to Wadsack's failure to appear, at a cost of $3,360.00. Williams Decl. at ¶ 5; Ex. 2 (Redacted Excerpts from Gust Rosenfeld Billing Statements Dated August 2025); Ex. 3 (redacted Excerpts from Gust Rosenfeld P.L.C. Billing Statements Dated September 2025).

Accordingly, Defendants respectfully request that the Court order Wadsack to pay Defendants a total of $7,838.27 to compensate them for the cost of their counsel's time preparing for hearings Wadsack had no plans to attend and drafting motions for sanctions

for her failure to attend—all of which is rendered even more pointless now that Wadsack

has dismissed her claims without prejudice.

DATED:  September 25, 2025.

GUST ROSENFELD P.L.C.


By: */s/ Joseph D. Williams*
    Joseph D. Williams
    Peter Collins, Jr.
    *Attorneys for Defendants*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was transmitted this September 25, 2025 to the Clerk's Office using the CM/ECF System for filing and a transmittal of same to the CM/ECF Registrant:

Dennis I. Wilenchik
David N. Ferrucci
Wilenchik & Bartness, P.C.
2810 N. Third St.
Phoenix, AZ  85004
diw@wb-law.com
davidf@wb-law.com
admin@wb-law.com

By: */s/ Jackie Clark*