1
2
3
4
5
6 **IN THE UNITED STATES DISTRICT COURT**
7 **FOR THE DISTRICT OF ARIZONA**
8

9 Justine Louise Wadsack,                    No. CV-25-00145-TUC-JGZ

10               Plaintiff,                  **ORDER**

11 v.

12 City of Tucson, et al.,

13               Defendants.

14

15         Pending before the Court is Defendants' Motion for Attorneys' Fees. (Doc. 30.)

16 Defendants City of Tucson, Ryder Schrage, Lauren Pettey, Kevin Hall, and Frank Hand

17 seek attorneys' fees and sanctions against Plaintiff Wadsack in the amount of $7,838.27

18 pursuant to the Court's inherent authority. (*Id.* at 6.)  For the reasons set forth below, the

19 Court will deny Defendants' Motion.

20 **I.     Legal Standard**

21         "It long has been established that a court's inherent powers [to impose sanctions]

22 'derive from the absolute need of a trial judge to maintain order and preserve the dignity

23 of the court.'" *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 528–29 (C.D.

24 Cal. 2022) (quoting *Cooke v. United States*, 267 U.S. 517 (1925)). "[B]ecause of their very

25 potency, inherent powers must be exercised with restraint and discretion." *Chambers v.

26 NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citations omitted). "[I]nherent powers are shielded

27 from direct democratic controls, [therefore,] they must be exercised with restraint and

28 discretion." *Roadway Express Inc. v. Piper*, 447 U.S. 752, 764 (1980). "Thus, courts may

not exercise these powers without a 'specific finding of bad faith.' " RG Abrams, 342 F.R.D. at 529 (quoting *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986)). "[B]ad faith ... includes a broad range of willful improper conduct," *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001), such as acting "vexatiously, wantonly, or for oppressive reasons, delaying, disrupting litigation, or [taking] actions in the litigation for an improper purpose." *Id.* at 922 (citing *Chambers*, 501 U.S. at 45). Recklessness alone is insufficient and must be combined with "an additional factor such as frivolousness, harassment, or an improper purpose." *See Rodriguez v. United States*, 542 F.3d 704, 709 (9th Cir. 2008) (quoting *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001)).

## II.    Analysis

Defendants argue sanctions are warranted because Plaintiff intentionally failed to attend the August 26 hearing, misrepresented the reason for her absence, and subsequently dismissed the case to avoid consequences for her misconduct. (Doc. 30 at 5– 6.) Defendants contend this conduct demonstrates bad faith, wasted judicial resources, and forced Defendants to incur $7,838.27 in unnecessary attorney's fees. (*Id.*)

The record does not provide sufficient evidence to support a finding of bad faith. While Plaintiff failed to appear at the August 26 hearing, she submitted a response to the Court's Order to Show Cause explaining her absence. (Doc. 27.) Based on the response, the Court discharged its Order to Show Cause. (Doc. 29.) Although Defendants characterize Plaintiff's explanation as dishonest, the record does not provide support for that conclusion or evidence that Plaintiff acted vexatiously, wantonly, or for an improper purpose rather than negligently. *See Fink*, 239 F.3d at 994 (bad faith requires more than mere negligence or recklessness).

Plaintiff exercised her procedural right to voluntarily dismiss under Rule 41(a)(1)(A)(i). The Supreme Court has recognized that Rule 41(a)(1) was designed to "permit a plaintiff to dismiss an action without the permission of the adverse party or the court only during the brief period before the defendant [has] made a significant commitment of time and money." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397

(1990). "Rule 41(a)(1) was not designed to give a plaintiff any benefit other than the right to take one such dismissal without prejudice." *Id.* Here, while Defendants had briefed a motion to dismiss and prepared for oral argument, the Court cannot conclude on this record that Plaintiff's dismissal itself was undertaken in bad faith as opposed to within the bounds of procedural rules. For these reasons, the Court declines to exercise its inherent authority to impose sanctions.

Accordingly,

**IT IS ORDERED** Defendants' Motion for Attorneys' Fees (Doc. 30) is **denied**.

Dated this 2nd day of October, 2025.

Jennifer G. Zipps
Chief United States District Judge

- 3 -